IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DOROTHY WILSON, )<br>)<br>    Plaintiff, )<br>v. )<br>)<br>PUBLIX SUPER MARKETS, INC., et )<br>al., )<br>)<br>    Defendants. )<br>) | CASE NO.: _____<br><br>Removed from Circuit Court of<br>Montgomery County, Alabama,<br>03-CV-2024-901755 |

## NOTICE OF REMOVAL

COMES NOW, Defendant Publix Super Markets, Inc. ("Publix" or "Defendant") and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives Notice of Removal of this action from the Circuit Court of Montgomery County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division. As grounds for this removal, Publix states as follows:

**I.    PROCEDURAL HISTORY**

This is a slip and fall case originally filed in Montgomery County Circuit Court seeking compensatory and punitive damages against Publix Super Markets, Inc., a Florida-based company. Exhibit A. Publix was served on November 18, 2024. Exhibit A. The complete record in the Circuit Court of Montgomery County,

Alabama as of the date of this removal is attached as Exhibit "A". 28 U.S.C. § 1446(a).

## II.     REMOVAL IS PROCEDURALLY PROPER

### A. Civil Action

This suit is a civil action within the meaning of the Acts of Congress relating to the removal of cases. 28 U.S.C. § 1441(a).

### B. All Defendants Join.

There are no named co-defendants to the lawsuit other than fictitious defendants, therefore the requirement of unanimity is satisfied. 28 U.S.C. § 1446(b)(2)(A).

### C. Venue is Proper.

This Notice of Removal is filed in the United States District Court for the Middle District of Alabama Northern Division and is within the district and division embracing the place where the state court case was filed. 28 U.S.C. § 1446(b).  Thus, venue is proper in the United States District Court for the Middle District of Alabama, Northern Division.

### D. Removal is Timely.

Plaintiff served Defendant with the Summons and Complaint on November 18, 2024. A true and correct copy of the Return of Service is contained in Exhibit A. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

### E. State Court File

The complete state court file is attached hereto as Exhibit A.

### F. Notice in State Court Action.

The Defendant provided notice of the Defendant's Removal in the state court action. See Exhibit A.

### III. BASIS OF REMOVAL- DIVERSITY OF CITIZENSHIP

Title 28 U.S.C. § 1441(a), provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only…actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000.00 and because the matter is between citizens of different states. See 28 U.S.C. § 1332(a).

### A. The Parties are completely diverse.

According to the Complaint, Plaintiff is over nineteen years old and a resident citizen of Montgomery County, Alabama. Ex. A. Defendant Publix Super Markets,

Inc.'s is a Florida corporation, with its principal place of business in Florida. Exhibit B, Alabama Secretary of State website printout.

Although the Complaint names fictitious parties as defendants, the possible domicile or location of fictitious parties should not be considered when determining whether complete diversity of citizenship exists. 28 U.S.C. § 1441(b)(1). S*ee Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). There is complete diversity of citizenship in this case. This case is therefore removable pursuant to 28 U.S.C. § 1441(a), because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

**B. The amount in controversy exceeds $75,000.00.**

When a complaint does not state the amount in controversy, a notice of removal may do so. 28 U.S.C. § 1446(c)(2)(A); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (quoting *Williams v. Best Buy, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."). A defendant need only make a short and plain statement of the grounds for removal. *Dart v. Cherokee Basin Operating Company, LLC, et al. v. Owens*, 135 S. Ct. 547, 551 (2014) ("a statement 'short and plain' need not contain evidentiary submissions"). A removing party "must only show that the amount in controversy

more likely than not exceeds the jurisdictional requirement," *Bullock v. United Benefit Ins. Co.*, 165 F. Supp. 2d 1255, 1258-59 (M.D. Ala. 2001) (DeMent, J.).

This Court may rely on "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings" and "judicial experience and common sense" to determine whether the amount in controversy requirement is satisfied. *Roe v. Michelin N. Am. Inc.,* 613 F.3d 1058, 1061-62 (11th Cir. 2010). The most recent amendment to §1446 has been interpreted by at least one court as a clear statement of Congressional intent to slow down, if not prevent, federal courts from remanding diversity cases where there is no ad damnum clause, but where the parties and the court know from their exercise of good sense and experience that the claim exceeds $75,000. *Smith v. State Farm Fire & Cas. Co*., 868 F. Supp. 2d 1333 (N.D. Ala. 2012). Otherwise, a "mini-trial would be required in every diversity case removed pursuant to 28 U.S.C. § 1446(c)(2)(A) and (B)." Id. at 1334.

Here, Plaintiff's Complaint seeks an unspecified amount of compensatory and punitive damages. In the Complaint, Plaintiff claims:

- Severe physical damage
- Emotional distress
- Mental anguish
- Lost wages
- Pain

- Suffering

- Medical Expenses

- Property Damage

(See Ex. A, ¶ 11, 14, 17).

Plaintiff's alleged medical bills are roughly over $16,000.00 and expected to increase. Additionally, Plaintiff's counsel claims Plaintiff's medical providers have recommended she undergo surgery on her left and right wrists and left and right knee. Plaintiff further claims those surgeries are related to the slip and fall made the basis of the lawsuit. Plaintiff's $16,000.00 in current medical bills and four potential future surgeries put the amount in controversy in excess of the $75,000.00 jurisdictional requirement.

Damage awards in Alabama personal injury cases routinely exceed the jurisdictional minimum. *See, e.g.*, *Pitt v. Century II, Inc.,* 631 So. 2d 235 (Ala. 1993) (reinstating jury's $300,000 compensatory damages award to plaintiff's with leg and ankle injuries, $12,000 in medical, and 10% permanent impairment rating); *Sears, Roebuck and Co. v. Harris*, 630 So.2d 1018 (Ala. 1993) (remitting $750,000 compensatory award to plaintiff who suffered from carbon monoxide poisoning to $100,000, where hospital costs were only $1,962, and plaintiff had no permanent health problems); *Precise Engineering, Inc. v. LaCombe*, 624 So.2d 1339 (Ala.

1993) ($2.7 million compensatory damages award for plaintiff injured in scaffolding accident held not excessive).

Plaintiff also asserts a claim of wantonness against Defendant Publix, which may entitle her to punitive damages if wantonness is proven by clear and convincing evidence. Ala. Code § 6-11-20; (*See* Exhibit A). In determining whether the prerequisite for the jurisdictional amount in controversy is met, a court must consider a claim for punitive damages unless it is apparent to a legal certainty that such cannot be recovered. *Lowe's OK Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998).

Alabama law permits an award of punitive damages in an amount three times the compensatory damages awarded or $500,000.00, whichever is greater.  See ALA. CODE § 6-11-20(a) (providing for an award of punitive damages where a defendant consciously or deliberately engaged in fraud); ALA. CODE §6-11-21(a) (capping punitive damages as indicated above).  Moreover, an Alabama Federal Court has found that any punitive damages award that is "reasonably aimed at punishing a large company's fraudulent behavior [would have to be substantial.]" *Battle v. Nationwide Ins. Co.*, No. 2:19-CV-01348-SGC 2020 WL 978807, at *4 (N.D. Ala. Feb. 28, 2020) (*quoting Roe v. Michelin North America, Inc.*, 637 F. Supp. 2d 995, 998 (M.D. Ala 2009), *aff'd* 613 F. 3d 1058 (11th Cir. 2010) ("any award that is soundly and

honestly calculated to punish a deter [a large company's] wanton behavior…would have to be substantial.'"")).

Where a Plaintiff asserts punitive damages against a business defendant, punitive damages can be substantial in spite of the statutory damages cap. *See, e.g. Target Media Partners Operating Co., LLC v. Specialty Mktg. Corp.*, 177 So. 3d 843 (Ala. 2013) (Affirming judgment entered against magazine distributor in favor of publisher for compensatory damages of $851,552 for breach of contract, punitive damages of $630,000 for promissory fraud, and punitive damages of $503,400 for fraudulent misrepresentation); *Patel v. Patel*, 708 So. 2d 159 (Ala. 1998) (Affirming judgment entered on jury verdict for $85,908 in compensatory damages and $225,000 in punitive damages, a 2.6:1 ratio as reasonable where purchasers of motel sued seller for breach of contract and fraudulent misrepresentation).

The Plaintiff has made specific factual allegations that, combined with reasonable inferences and reasonable extrapolations, establish that the amount in controversy in this case exceeds the jurisdictional minimum. *Pretka*, 608 F. 3d 753-54. While Publix denies the Plaintiff is entitled to any recovery whatsoever, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as evidenced by the allegations in the Complaint and the exercise of good sense and experience. If Plaintiff contests Publix's allegations that the requisite amount in controversy is present, Publix requests the opportunity for both sides to submit proof

so that the Court can decide, by a preponderance of the evidence whether the requirements have been satisfied. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

### IV. ADDITIONAL REQUIREMENTS FOR REMOVAL

A copy of this Notice of Removal is being served upon all counsel of record. By filing this Notice of Removal, Defendant Publix does not waive any defense that may be available to it.

### V. CONCLUSION

WHEREFORE, Publix files this Notice of Removal so as to effect the removal of this action from the Circuit Court Montgomery County, Alabama, to this Court. Publix prays this Honorable Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause so that all proceedings that may have been had in said Circuit Court are removed to this Court. Publix further prays the removal of this cause to this Court should be effected and that no further or other proceeding shall be had with respect to this cause in the Circuit Court of Montgomery County, Alabama.

Respectfully submitted this the 12th day of December, 2024.

<u>s/ Margaret C. Key</u>
M. Jansen Voss
Margaret C. Key
*Attorneys for Defendant Publix Super Markets, Inc.*

**OF COUNSEL:**
CHRISTIAN & SMALL, LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
Phone:  (205) 795-6588
mjvoss@csattorneys.com
mckey@csattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following; and I hereby certify that I have mailed by United States Postal Service the document to any non-CM/ECF participants:

Aaron J. Luck
MCPHILLIPS SHINBAUM, LLP
516 S. Perry St.
P.O. Box 64
Montgomery, AL 36101
aaluck@hotmail.com

*s/ Margaret C. Key*
OF COUNSEL